UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSEPH A. FERRARA, SR., et al.,

                Plaintiff(s),        **REPORT AND**
                                                     **RECOMMENDATION**
     -against-                          CV 10-4214 (ADS) (WDW)

FRANK J. BATCHELDER TRANSPORTATION
LLC,
                Defendant.
----------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

       Before the court on referral from District Judge Spatt is the award of default damages in this matter. For the reasons set forth herein, I respectfully recommend that damages be awarded to the plaintiffs as follows: (1) estimated unpaid contributions in the amount of $134,660.63 for the period from June 11, 2007 through June 30, 2009; (2) interest from the date the contributions were due through April 21, 2011, in the amount of $55,777.52; (3) liquidated damages in the amount of $55,777.52; (4) interest at a rate of $66.41 per day for unpaid contributions from April 22, 2011 to the date judgment is entered; (5) liquidated damges at a rate of $66.41 per day from April 22, 2011 to the date judgment is entered; (6) attorney's fees in the amount of $7,467.50; and (7) costs in the amount of $723.61.

### BACKGROUND

       Plaintiffs, Trustees and Fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds, (collectively "Trustees") commenced this action on September 3, 2010. Defendant, Frank J. Batchelder Transportation, LLC ("Batchelder"), is a limited liability company engaged in the trucking business. Both Trustees and Batchelder were parties to the 2006-2009 Metropolitan Trucker's Association and Independent Trucker's Contract for the period of July 1, 2006 through June 30, 2009 (the

"CBA"), with an effective date of June 11, 2007. Decl. of Zachary N. Leeds dated March 15, 2011 ("Leeds Decl."), Ex. A, DE[9]; Compl. ¶ 9, DE[1]; Decl. of Theresa Cody dated March 10, 2011 ("Cody Decl."), ¶ 6, DE[9]. The Trustees brought this action to compel Batchelder to submit to an audit and provide them with "all of [Batchelder's] pertinent books and records for the period from June 11, 2007 through June 30, 2009" in accordance with the CBA. Compl. ¶ 1, DE[1]. Plaintiff also brought suit for monetary relief under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§1132(a)(3) and 1145. *Id*. Batchelder has not answered the complaint or otherwise appeared in the action. The Clerk of the Court noted the default on February 28, 2011, and Trustees submitted a motion for default on March 15, 2011. DE[7 & 9]. District Judge Spatt granted the motion for a default judgment and referred the determination of appropriate damages to the undersigned. By order dated March 29, 2011, plaintiffs were given an opportunity to support their claim for damages by submitting any additional documentary evidence by April 22, 2011. DE[9]. They filed papers bolstering their claims for attorney's fees and costs. *See* Suppl. Decl. of Zachary N. Leeds dated April 21, 2011 ("Suppl. Leeds Decl."), Ex. A., DE[13]. Though served with plaintiff's motion for default judgment, Batchelder has not filed any papers in opposition to the motion or the damages sought.

## DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A default also "effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as

alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F.Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159. The amount of damages can be determined without a hearing so long as the court satisfies itself, through review of the documentary evidence or affidavits, that the amount is reasonable. *See Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). Here, the Trustees have submitted the declaration of Theresa Cody, a senior member of the Collections Department for the Trustees who is responsible for the collection of contributions, the CBA and Trust Agreements, and other documents. Batchelder has not provided any papers in opposition. Accordingly, a hearing on the issue of damages is not necessary.

In addition to compelling an audit on Batchelder's books and records, the Trustees seek the following: estimated unpaid contributions, interest on the unpaid contributions, liquidated damages, costs and attorney's fees, and audit fees. Suppl. Leeds Decl., Ex. A., DE[13]. 29 U.S.C. §1132(g)(2) provides that when a judgment in favor of a plan is entered pursuant to section 1145, the court shall award: (1) unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not to exceed 20 percent of the amount of unpaid contributions; (4) reasonable attorney's fees and costs of the action; and (5) such other legal or equitable relief as the court deems appropriate.

<u>Unpaid Contributions</u>

Trustees allege in their complaint that Batchelder has not allowed them to conduct an audit of its records for the period from June 11, 2007 through June 30, 2009. Compl. ¶¶ 21-22, DE[1]. Art. IX, Section 1(d) of the Trust Agreement requires Batchelder to submit to periodic

3

audits of its relevant books and records. Since defendant failed to comply with the audit provision, the Trustees claim that they are entitled to estimate the contributions owed to them based on a formula stipulated in the CBA that relies on the remittance reports submitted by Batchelder. *See* Cody Decl. ¶ 22, DE[9]; Trust Agreement, Art. IX, Section 1(f).) The Trustees claim that the unpaid contributions total $134,660.63. Cody Decl. ¶¶ 18-23, DE[9]. Upon review of all documents submitted by plaintiffs, the undersigned recommends an award of unpaid contributions in that amount.

Interest

In addition to the unpaid contributions, plaintiffs are entitled to interest pursuant to 29 U.S.C. §1132(g)(2)(B). As indicated in the Trust Agreement, interest is to be calculated at a rate of 1.5% "per month of each monthly amount due for each month." Cody Decl. ¶ 6, DE[9]; Trust Agreement, "Amendment to Restated Trust Agreement and Declaration of Trust," amending Art. IX, Section 3. In their motion papers, the plaintiffs also sought per diem interest at a rate of $66.41 per day starting from March 16, 2011 to the date of judgment. *See* Suppl. Leeds Decl. ¶ 3, DE[13]. In their supplemental papers, using that per diem rate, they recalculated the interest due, and now seek $55,777.52 from the date the contributions were due through April 21, 2011. *Id*. at ¶ 3. Plaintiffs request that the per diem interest rate continue to accrue from April 22, 2011 to the date of judgment. The undersigned recommends that Trustees be awarded the interest in the amounts sought.

Liquidated Damages

Plaintiffs also seek liquidated damages in accordance with the terms of the CBA. Compl., ¶¶ 2-3, DE[1]; Cody Decl., ¶ 32, DE[9]. ERISA provides an award of liquidated damages on estimated contributions at a rate equal to the greater of interest owing or 20% of the

4

unpaid amounts. At the case at bar, 20% of the unpaid contributions totals $26,932.13, which is less than the interest owed. The plaintiffs request the higher amount equal to the interest. Therefore, the undersigned recommends an award of $55,777.52 in liquidated damages up to April 21, 2011 and per diem liquidated damages in the amount of $66.41 per day from April 22, 2011 through entry of judgment.

Costs and Attorney's Fees

Under ERISA, a plaintiff is entitled to recover reasonable attorney's fees and costs. 29 U.S.C. §1132(g)(2)(D). In the Second Circuit, the standard for establishing the amount of reasonable attorney's fees is the "presumptively reasonable fee" or what a "reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens v. County of Albany*, 533 F.3d 182, 183-184 (2d Cir. 2008). The presumptively reasonable fee is the "reasonable hourly rate multiplied by a reasonable number of expended hours." *Finkel v. Omega Comm. Servs. Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008). The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and the necessity of the hours spent and rates charged. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983). A fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed. *Cruz v. Local Union No. 3 of the IBEW*, 34 F.3d 1148, 1160-1161 (2d Cir. 1994).

In reviewing the reasonable hourly rate, a court will look at a number of factors, including but not limited to those listed in *Johnson v. Georgia Highway Express, Inc.*, 488, F.2d

714 (5th Cir. 1974).[1] These factors are to be considered within the context of the relevant legal "community;" specifically, "the district where the district court sits." *Arbor Hill*, 522 F.3d at 190. To forgo implementing the relevant legal community standards of determining hourly rates, a party must "persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just probably) produce a substantially better net result." *Simmons v. New York City Transit Authority*, 575 F.3d 170, 172 (2d Cir. 2009). Since this case arises in the Eastern District of New York and plaintiffs have not provided any evidence that selection of out-of-district counsel would have likely yielded a better net result, the court will employ prevailing market rates of the Eastern District.

Here, the plaintiffs seek $7,467.50 in attorney's fees, based on the hourly rates of $370.00 for partner Elizabeth O'Leary, $275.00 for associates David Hock and Zachary N. Leeds, and $90.00 for paralegals Elizabeth Ellis and David Ward. Suppl. Leeds Decl., Ex. A., DE[13]. Though these hourly rates fall at the higher end of current Eastern District market rates, the court finds them reasonable. *See Finkel v. Architcraft Inc.*, 2010 WL 1257773, *4 (E.D.N.Y. 2010)(finding hourly rates of $370.00 for partners, $275.00 for associates and $90.00 for paralegals to be reasonable). Upon reviewing the rates in ERISA default cases in the Eastern District, the documentation provided by plaintiffs on the type and amount of work expended, and incorporation of the *Johnson* factors, the undersigned recommends that the attorneys be awarded $7,467.50 in fees.

---

[1] The Johnson factors, as articulated by the court in *Arbor Hill*, include the following: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitation imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill,* 522 F.3d at 186, n.3 (citing *Johnson*, 488 F.2d at 717-719).

The Trustees also seek $723.61 in additional costs in this action. These costs consist of a court filing fee of $350.00, $60.00 for service of process upon Batchelder, $63.67 in computer research fees, and $249.94 for photocopies, postage, telephone bills, tolls, and ground transportation. Suppl. Leeds Decl. Ex. A., DE[13]. The undersigned recommends the award of these amounts, for a total award of $8,191.11 in fees and costs.

Audit Fees

Finally, plaintiffs seek $350.00 in audit fees. In the instant matter, there was no audit of Batchelder's books and records. Plaintiffs cite the Trust Agreement, p. 30, as a basis for its claim to "Auditor's fees—[of] $350." However, the contract further stipulates that audit fees are awarded to the Trustees " in all cases in which…*it is determined by the audit*…or the collection of the Employer's delinquent contributions *reported by the audit* is referred to the Funds' attorney […]." Trust Agreement, p. 30-31 (emphasis added.) Trustees rely on *La Barbera v. Tadco Constr. Corp*. to bolster their claim to audit fees. 647 F. Supp. 2d 247, 254. In that case, however, an audit on the defendant's books was conducted by the Fund's auditor, Ken Jones. Here, no audit occurred. Since the unpaid contributions were determined by estimate and Trustees did not undertake an audit of Batchelder's books and records, the undersigned recommends that $350.00 not be awarded to the plaintiffs.

**OBJECTIONS**

A copy of this Report and Recommendation is being served on plaintiffs by electronic filing on the date below. Counsel for plaintiffs shall serve a copy of it on the defendants upon receipt and shall file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the

7

right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
July 6, 2011

    /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge